**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Larry Lee SHAW, a/k/a Larry Singleton, a/k/a Larry Westwood, Defendant–Appellant.**

**No. 79CA0398.**

Colorado Court of Appeals, Div. III.

July 31, 1980.

---

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., Kathleen M. Bowers, Asst. Atty. Gen., Denver, for plaintiff–appellee.

J. Gregory Walta, Colorado State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for defendant–appellant.

KELLY, Judge.

Larry Shaw challenges his conviction of second degree burglary, conspiracy to commit second degree burglary, and criminal impersonation. We reverse in part and affirm in part.

Shaw challenges the admission of evidence seized from his person in the course of his arrest. However, by failing to move to suppress the evidence on the ground that the arrest was illegal, Shaw waived his objection to its admission. *Salazar v. People*, 153 Colo. 93, 384 P.2d 725 (1963). He also argues that the trial court erred in denying his motion for continuance. However, we conclude that Shaw failed to make a sufficient offer of proof to require one. *See People v. Martinez*, 190 Colo. 507, 549 P.2d 758 (1976).

Finally, Shaw argues that the evidence was insufficient to sustain a guilty verdict of criminal impersonation. We agree.

The charge of criminal impersonation was based on Shaw's statement to the arresting officer that his name was Larry Westwood. Section 18–5–113(1), C.R.S.1973 (1978 Repl. Vol. 8) provides:

"A person commits criminal impersonation if he knowingly assumes a false or fictitious identity or capacity, and in such identity or capacity he:

.  .  .  .  .

(e) Does [an] act with intent to unlawfully gain a benefit for himself or another or to injure or defraud another."

The record shows that the prosecution failed to present evidence to the jury that the use of the name would result in a benefit to Shaw. *See People v. Jones*, 84 Misc.2d 737, 376 N.Y.S.2d 885 (1975); *see also People v. Powell*, 59 App.Div.2d 950, 399 N.Y.S.2d 477 (1977).

Shaw's conviction of criminal impersonation is reversed, and the cause is remanded to the trial court for the entry of an order dismissing that charge with prejudice. The convictions of conspiracy to commit second degree burglary and second degree burglary are affirmed.

RULAND and BERMAN, JJ., concur.