The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Todd BORREGO, Defendant-Appellant.

No. 85CA1341.

Colorado Court of Appeals, Div. I.

April 16, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Virginia Byrnes Horton, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Armando C de Baca, Denver, for defendant-appellant.

KELLY, Judge.

The defendant, Todd Borrego, appeals a judgment of conviction of criminal impersonation. Borrego contests his conviction on the grounds that the conduct which led to his original arrest did not constitute an offense, or alternatively, that the prosecution failed to prove a necessary element of criminal impersonation. We affirm.

In 1984, a Westminster city police officer noticed that Borrego had pulled his jogging shorts down in a field next to a busy street. Believing that Borrego was either indecently exposing himself or urinating in public within the City of Westminster, the police officer drove into the field, detained Borrego, and questioned him concerning his actions.

Using the fictitious name and address supplied by Borrego, the officer wrote him a citation for public indecency under a Westminster municipal ordinance. But, when he was unable to confirm the ficti-

tious name and address, the officer decided to arrest Borrego.

An altercation broke out between Borrego and the police officer, leading to an indictment both for first degree assault, of which Borrego was acquitted, and of criminal impersonation, of which he was convicted.

## I.

Borrego correctly contends that urinating in public was not a crime in unincorporated Adams County where the conduct and arrest took place. He argues that, since he was mistaken in believing that he had committed a chargeable offense, his conviction is a nullity because he gained no benefit from criminal impersonation, a required element under § 18–5–113(1)(e), C.R.S. (1986 Repl. Vol. 8B). This contention is without merit.

■ A person is not relieved of criminal liability for conduct on the ground that he engaged in that conduct under a mistaken belief of fact, unless "it negatives the existence of a particular mental state essential to commission of the offense...." Section 18–1–504, C.R.S. (1986 Repl. Vol. 8B). If the defendant does every act within his power to commit an offense, and would have committed the completed offense if the facts had been as he believed them to be, then he may not escape criminal liability. *Darr v. People*, 193 Colo. 445, 568 P.2d 32 (1977).

■ Borrego admits that he gave a fictitious name and address with the specific intention of avoiding the consequences of what he believed to be a chargeable offense. His mistake establishes, rather than negates, the required mental state for conviction under § 18–5–113, C.R.S. (1986 Repl. Vol. 8B). *See Darr v. People, supra;* § 18–1–504(1)(a), C.R.S. (1986 Repl. Vol. 8B).

## II.

Alternatively, Borrego contends that the evidence presented at trial does not sustain his conviction for criminal impersonation. Borrego asserts that the evidence was in-

sufficient to establish that he could have gained any cognizable benefit from assuming a false identity; therefore, the prosecution failed to prove one of the essential elements for conviction of criminal impersonation. This contention also lacks merit.

■ A person who knowingly assumes a false or fictitious identity and, under that identity, does any other act intending unlawfully to gain a benefit for himself is guilty of criminal impersonation. Section 18–5–113(1), C.R.S. (1986 Repl. Vol. 8B); *People v. Shaw*, 44 Colo.App. 533, 616 P.2d 185 (1980).

The requisite intent to gain a benefit may be inferred from the accused's knowing use of a false identity and the acknowledged intent to secure some advantage from the impersonation. *See People v. Brown*, 193 Colo. 120, 562 P.2d 754 (1977). Borrego admitted that he intentionally gave a false name and address to the arresting officer to avoid punishment. This evidence is sufficient to establish the requisite statutory intent.

The judgment is affirmed.

PIERCE and METZGER, JJ., concur.