**David Wayne FRIDAY, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. O–91–176.**

Court of Criminal Appeals of Oklahoma.

June 15, 1992.

## ACCELERATED DOCKET ORDER

Appellant, David Wayne Friday, was convicted in a nonjury trial of Robbery with Firearms in the Tulsa County District Court, Case No. CF–89–4292, by the Honorable District Judge Joe Jennings on October 12, 1989. He was sentenced on January 8, 1990, to serve a ten (10) years suspended sentence. On March 29, 1990, the State filed an Application to Revoke the suspended sentence upon the grounds of false personation, in violation of 21 O.S. 1981, § 1531. At the revocation hearing, the trial court found sufficient evidence to show that Appellant had personated another and revoked his sentence. It is from this revocation that Appellant appealed.

Pursuant to 22 O.S.Supp.1990, Ch. 18, App., Rules for the Court of Criminal Appeals, Rule 11.2, this appeal was automatically assigned to the Accelerated Docket of this Court. Propositions of error were presented to this Court in oral argument on April 30, 1992, pursuant to Rule 11.5(c). At the conclusion of the argument, the parties were advised of the decision of this Court. Inasmuch as we voted by a decision of 4–1 to reverse, we will address that issue upon which reversal was based.

Appellant was charged with violation of 21 O.S.1981, § 1531(4.), which provides:

Any person who falsely personates another, and in such assumed character:

4. Does any other act whereby, if it were done by the person falsely personated, he might in any event become liable to any suit or prosecution, or to pay any sum of money, or to incur any charge, forfeiture or penalty, or whereby any benefit might accrue to the party personating, or to any other person ... (Emphasis added.)

Appellant contends that the State failed to prove all of the elements under the statute, specifically, that the State failed to prove that Appellant did any overt act in the assumed name that would have subjected the person falsely impersonated to any of the conditions set forth under Subdivision 4 or that Appellant did any overt act whereby any benefit accrued to him or any other person. We agree.

This is a case of first impression, where we must decide whether the mere giving of a false name constitutes false personation. Appellant was arrested in Tulsa, Oklahoma. One of the officers testified that when she asked Appellant his name, he responded, "Jerome Johnson." Shortly thereafter, another officer arrived and indicated that Appellant looked like one of the suspects in a video tape he had viewed regarding a robbery of a Radio Shack in the area. The first officer approached Appellant again and asked him if Jerome Johnson was his real name. Appellant responded in the affirmative. However, when the officer requested his date of birth and Social Security number, Appellant declined to furnish the information.

The language of the statute speaks of a "person falsely personated." Thus, it implies that there must be an actual person who is impersonated. Further, it requires the doing of an act while impersonating another.

Extensive research disclosed cases in other jurisdictions that considered this is-

sue. We set forth several. In *People v. Powell*, 59 A.D.2d 950, 399 N.Y.S.2d 477, 478 (1977), defendant produced a license and registration in a name other than his real name after he was stopped by a policeman. The Court held that the proof was deficient and failed to establish that defendant impersonated "another." See also *People v. Jones*, 84 Misc.2d 737, 376 N.Y.S.2d 885, 888 (1975), where the Court said, indeed the mere proof that defendant gave the police a name other than his own, standing alone, would be insufficient to establish the crime charged.

In *People v. Shaw*, 44 Colo.App. 533, 616 P.2d 185, 186 (1980), defendant was charged with false impersonation. The Court held that in prosecution for criminal impersonation, wherein prosecution failed to present evidence that use of the name would result in benefit to defendant, evidence was insufficient to sustain a guilty verdict.

We are of the opinion that the gist of this offense is the actual harm to the person impersonated and/or the benefit accruing to the impersonator by impersonating the actual person. Based on the express provisions of the statute, we conclude that the State has failed to prove the essential element of the offense. This case is REVERSED and REMANDED with instructions to dismiss.

IT IS SO ORDERED.

/s/James F. Lane
JAMES F. LANE, PRESIDING JUDGE
/s/Gary L. Lumpkin
GARY L. LUMPKIN, VICE PRESIDING JUDGE
/s/Tom Brett
TOM BRETT, JUDGE
/s/Ed Parks
ED PARKS, JUDGE
/s/Charles A. Johnson
CHARLES A. JOHNSON, JUDGE