52 F.3d 339
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Lloyd R. WALKER, Plaintiff-Appellee,
v.
Thomas A. MCLELLAN, in his official and individual capacity;
James Broderick, in his official and individual capacity;
Loree Morse, in her official and individual capacity; Dan
Murphy, in his official and individual capacity; Marnie
Collins, also known as Marnie Christiansen, in her official
and individual capacity; Don Whitson, in his official and
individual capacity; Jim Szakmeister, in his official and
individual capacity; Kurt Clow, in his official and
individual capacity; Kay Konerza, in her official and
individual capacity; Fred W. Rainguet, in his official and
individual capacity, Defendants-Appellants.
 No. 94-1494.
 United States Court of Appeals, Tenth Circuit.
 April 21, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendants, several Fort Collins, Colorado, police officers in their individual capacities, appeal from an order denying their motion to dismiss, on grounds of qualified immunity, plaintiff's complaint filed under 42 U.S.C.1983. We reverse and remand.
 
 
 3
 The Fort Collins Police Department conducted a sting operation to lure individuals with outstanding arrest warrants into its jurisdiction. The sting involved sending the individuals a letter offering them a free pair of athletic shoes or a $50 gift certificate and a chance to win a motorcycle if they appeared at a certain address on February 28 or 29, 1992. The letter stated that photo identification and the letter were required to claim these items. Further, the offer was nontransferable. Kevin Walker, the brother of plaintiff Lloyd Walker, received such a letter but was unable to attend and sent plaintiff in his place.
 
 
 4
 On February 29, 1992, plaintiff and a companion went to the designated address. Plaintiff presented Kevin's promotional letter and a photocopy of Kevin's photo I.D. Defendants arrested him on an outstanding bench warrant for Kevin. When the defendants learned their mistake, they rearrested plaintiff without a warrant for criminal impersonation, Colo.Rev.Stat. 18-5-113. Following a preliminary hearing, a judge found probable cause to believe plaintiff committed the offense of criminal impersonation. However, the charge eventually was dropped. Plaintiff then commenced the present 1983 action.
 
 
 5
 Defendants moved to dismiss plaintiff's complaint on grounds of qualified immunity. Plaintiff filed a response to the motion which contained only legal argument. The district court concluded that plaintiff had alleged facts which, if proved, would support a finding that two clearly established constitutional rights--the right to be free from the use of excessive force by governmental officers and the right to be free from warrantless arrest without probable cause--had been violated. It therefore denied the motion. We have jurisdiction to review its order pursuant to Mitchell v. Forsyth, 472 U.S. 511, 530 (1985).
 
 
 6
 Under qualified immunity, "governmental officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). When a defendant raises qualified immunity, "the burden shifts to the plaintiff to show both facts and law to establish that the defendant is not entitled to a qualified immunity." Workman v. Jordan, 32 F.3d 475, 479 (10th Cir.1994), cert. denied, 63 U.S.L.W. 3682 and 63 U.S.L.W. 3689 (U.S. Mar. 20, 1995)(further quotations omitted). The plaintiff must first show that the defendant's "alleged conduct violated the law," and then must show that "the law was clearly established when the alleged violation occurred." Cummins v. Campbell, 44 F.3d 847, 850 (10th Cir.1994)(further quotations omitted). It is insufficient to simply "identify in the abstract a clearly established right and allege that the defendant has violated it." Romero v. Fay, 45 F.3d 1472, 1475 (10th Cir.1995). Rather, the plaintiff must articulate with specificity both the constitutional right and the conduct that violated this right. Id. We review de novo the denial of qualified immunity. Bella v. Chamberlain, 24 F.3d 1251, 1254 (10th Cir.1994), cert. denied, 115 S.Ct. 898 (1995).
 
 
 7
 Police officers making an arrest use excessive force in violation of the Fourth Amendment if their "actions are 'objectively unreasonable' in light of the facts and circumstances confronting them." Graham v. Connor, 490 U.S. 386, 395, 397 (1989). However, plaintiff made no showing that any conduct violated this constitutional right. He never stated what defendants actually did to him, or which defendants did it. Plaintiff's statement in his appellate brief that defendants assaulted him by leading him through a door without warning, grabbing him, bending him over, and stripping him of his property, is not before us. See Zilkha Energy Co. v. Leighton, 920 F.2d 1520, 1522 n. 3 (10th Cir.1990). The district court erred in denying defendants' motion to dismiss the excessive force claim.
 
 
 8
 "We analyze the constitutionality of a warrantless arrest under the probable cause standard." Romero, 45 F.3d at 1476. "Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense." Id. (citations omitted). An arresting officer is entitled to immunity in a 1983 action based on a warrantless arrest if a reasonable officer could have believed probable cause existed to arrest. Id.
 
 
 9
 Plaintiff failed to make a showing that any conduct violated this constitutional right. The elements of the offense of criminal impersonation are that a person "knowingly assumes a false or fictitious identity or capacity, and in such identity or capacity he: [d]oes any other act with intent to unlawfully gain a benefit for himself or another or to injure or defraud another." Section 18-5-113(1)(e). Exhibits to plaintiff's complaint demonstrate that plaintiff presented Kevin's promotional letter, which stated it was not transferable, and a photocopy of Kevin's I.D. to defendants after they told him entry into the store was by invitation only. Further, he stated he wanted the pair of shoes and he tried to win the motorcycle. This is sufficient for defendants to have reasonably believed that plaintiff committed the offense of criminal impersonation. His contention that he could not have violated the criminal impersonation statute because the promotional scheme was fictitious and it therefore was impossible for him to gain a benefit by assuming Kevin's identity is contrary to judicial construction of the statute. See People v. Borrego, 738 P.2d 59, 60 (Colo. Ct.App.1987). Thus, we conclude defendants' motion to dismiss the warrantless arrest claim should have been granted.
 
 
 10
 The district court did not address the motion to dismiss insofar as it was directed at any claim for plaintiff's arrest on Kevin's outstanding warrant. We choose to address the issue. See Laidley v. McClain, 914 F.2d 1386, 1394 (10th Cir.1990).
 
 
 11
 A police officer does not violate the constitution if he arrests a person relying in good faith on a facially valid warrant. Lusby v. T.G. & Y. Stores, Inc., 749 F.2d 1423, 1434 (10th Cir.1984), vacated on other grounds, 474 U.S. 805 (1985), and cert. denied, 474 U.S. 818 (1985). Plaintiff came forward with no facts in the district court showing the warrant was not facially valid or that defendants did not act in good faith in relying on it.
 
 
 12
 If police officers have probable cause to arrest one party, the arrest of a second party is valid if they reasonably mistook the second party for the first party. Hill v. California, 401 U.S. 797, 802 (1971). According to a transcript and the police reports attached to the complaint, plaintiff presented Kevin's promotional letter and a photocopy of Kevin's I.D. to defendants. He filled out a form stating he was Mr. Walker, the address he gave matched the address defendants had for Kevin, and he matched the physical description of Kevin. Plaintiff failed to show that defendants were not reasonable in mistaking him for Kevin when they arrested him. Defendants are entitled to dismissal of this claim as well.
 
 
 13
 The parties dispute whether plaintiff should be allowed to amend his complaint on remand. He moved to amend following denial of the motion to dismiss. After the appeal was filed, the district court issued an order granting him twenty days following the date the appeal became final to file an amended complaint. However, this order is null and void since the filing of the notice of appeal divested the district court of jurisdiction to act. Stewart v. Donges, 915 F.2d 572, 575 (10th Cir.1990).
 
 
 14
 Although in Sawyer v. County of Creek, 908 F.2d 663, 668 (10th Cir.1990), in reversing an order denying qualified immunity, we refused to consider the appropriateness of remanding to the district court to allow the plaintiff to file a motion to amend her complaint, this was because she conceded that amending the complaint would be futile absent discovery. Plaintiff has not made such a concession. We therefore conclude it is appropriate to remand to the district court to address anew the motion to amend. Whether plaintiff's failure to submit a proposed amended complaint should preclude the granting of leave to amend is to be decided by that court. In this regard, however, the district court's attention is directed to Ramirez v. Oklahoma Department of Mental Health, 41 F.3d 584, 596 n. 9 (10th Cir.1994).
 
 
 15
 The judgment of the United States District Court for the District of Colorado is REVERSED, and the case is REMANDED for further proceedings consistent with this order and judgment.[2]
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 We have reviewed plaintiff's response to defendants' emergency motion for stay and conclude it does not alter the result