**Timothy Lynn BARKUS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. F 95–255.

Court of Criminal Appeals of Oklahoma.

Sept. 12, 1996.

Rehearing Denied Oct. 21, 1996.

Jim Thomas, Public Defenders Office, Tulsa, for Defendant at trial.

George Phillips, Assistant District Attorney, Tulsa, for the State at trial.

Barry L. Derryberry, Asst. Appellate Public Defender, for Appellant on Appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma, Robert Whittaker, Assistant Attorney General, Oklahoma City, for Appellee on appeal.

## OPINION

CHAPEL, V.P.J.:

Timothy Lynn Barkus, Appellant, appeals to this Court from his Judgment and Sentence in Case No. CF–93–2987 in the District Court of Tulsa County. In that case, Appellant waived jury trial and was convicted in a non-jury trial before the Honorable E.R. (Ned) Turnbull, District Judge, of the crime False Impersonation. He was sentenced to a term of three (3) years in prison.

Pursuant to Rule 11.3, *Rules of the Oklahoma Court of Criminal Appeals*, 22 O.S.Supp.1994, Ch. 18, App., Appellant applied to be placed on the Accelerated Docket of this Court. Appellant's verified consent to placement on the Accelerated Docket was attached to the application. The propositions or issues were presented to this Court in oral argument on February 29, 1996, pursuant to Rule 11.2(F). At the conclusion of oral argument, this Court voted to affirm Appellant's conviction in Case No. CF–93–2987. The parties were so advised and were further advised that a decision would be made by the entire Court about clarification of the elements of the crime False Impersonation and publication of the decision.

Three (3) propositions of error are raised in this appeal. Appellant first claims that, because there was no proof he committed an overt act while impersonating another, the trial court lacked sufficient evidence to convict him of False Impersonation. Appellant's second proposition contends the State did not prove impersonation of a real person beyond a reasonable doubt because it did not prove circumstantially or otherwise that there existed a Ray Barkus with the date of birth of April 5, 1960. The third proposition alleges the trial court lacked subject matter jurisdiction because the State failed to allege an overt act in terms of facts or elements in the Information. Appellant cites this Court's decision in *Friday v. State*, 833 P.2d 1257 (Okl.

Cr.1992), to support his claims in each of the propositions that another overt act must be proven in addition to proof of the personation and in addition to proof of benefit to the personator.

The statute criminalizing False Impersonation provides in pertinent part to this appeal:

Any[1] person who falsely personates another, and in such assumed character:

. . . .

4. Does any other act whereby, *if it were done by the person falsely personated, he might in any event become liable to any suit or prosecution, or to pay any sum of money, or to incur any charge, forfeiture, or penalty, or whereby any benefit might accrue to the party personating, or to any other person—*

Is punishable by imprisonment in the penitentiary not exceeding ten years.

21 O.S.1991, § 1531. We find that this statute should be interpreted as requiring proof of the following elements and acts to establish that a person has committed the crime of False Impersonation: first, the assumption by one person of another person's character; second, the intentional personation of that character; and third, such person either (i) does any act whereby, if it were done by the person falsely personated, he might become liable to any suit or prosecution, or to pay any sum of money, or to incur any charge, forfeiture, or penalty; or (ii) accrues any benefit as a result of the personation. In the present case, sufficient allegations were made and sufficient evidence was presented such that a rational trier of fact could have found these essential elements and acts of the crime beyond a reasonable doubt. *Spuehler v. State,* 709 P.2d 202, 203–04 (Okl. Cr.1985). To the extent the holding in *Fri-*

*day, supra,* is inconsistent with our decision today, it should be, and is hereby, overruled.

For the foregoing reasons, the Judgment and Sentence in Case No. CF–93–2987 in the District Court of Tulsa County are **AFFIRMED.**

LUMPKIN, P.J., JOHNSON, V.P.J., and STRUBHAR, J., concur.

LANE, J., concurs in results.

LANE, Judge, concurring in results.

I concur in results. I think that it is easier to understand Sub-section 4 of Section 1531 if we were to divide it into two parts:

4. Does any other act whereby, [Part 1] if it were done by the person falsely personated, he might in any event become liable to any suit or prosecution, or to pay any sum of money, or to incur any charge, forfeiture or penalty, or [Part 2] whereby any benefit might accrue to the party personating, or to any other person. . . .

This division is justified by the fact that the verbage in Part 1 refers to detriments caused to the person falsely personated. Part 2 refers to an advantage that would accrue to the person committing the false personation or an advantage which might accrue to others. Either a detriment caused to the victim, or an advantage possibly gained by the perpetrator would satisfy an essential element of the crime. In our current case, avoidance of arrest would be an advantage gained.

---

1. With the exception of Compiled Statutes of Oklahoma 1921, § 2140 (Bunn Pub. Co.), previous decennial publications of this statute contain the introductory phrase "Every person" rather than "Any person." 22 O.S.1931 (Harlow Pub. Co.), 1941 (West), 1951 (West), 1961 (West), 1971 (West), and 1981 (West), § 1531. The publisher of the current decennial edition, in a commendable attempt to restore this never amended statute to the Revised Laws of 1910 text, has replaced the term "Every" with "Any." *See* Re-

vised Laws of Oklahoma 1910, § 2689 (ed. Bunn). Nevertheless, the phrase "Every person" is, historically speaking, the correct phraseology as it was carried by the statute prior to its 1910 codification. *See* Okl., [Territory] Statutes 1890, § 2442 (ed. Little, Pitman, and Barker). Such was also the test of our sister territory's statute from which Oklahoma's provision was derived. 1887 Compiled Laws of Dakota Territory, § 6815. (ed. Caldwell & Price).