**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 29, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT E. BIEHL,

      Plaintiff-Appellant,

v.

SALINA POLICE DEPARTMENT
and OFFICER CHAD McCARY,

      Defendants-Appellees.

No. 07-3231
(D.C. No. 06-CV-4135-JAR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

In the second of two separate civil actions stemming from his 2003 arrest

for drunk driving, Robert Biehl, a *pro se* litigant, seeks damages from Chad

McCary, the arresting officer, and the Salina Police Department.  Because Mr.

Biehl has failed to allege sufficient facts that, if true, would entitle him to relief,

we affirm the district court's dismissal of Mr. Biehl's complaint.

\* \* \*

---

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal.  *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G).  The case is therefore ordered submitted without oral argument.  This
order and judgment is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

On December 4, 2003, a local merchant at a shopping mall called the Salina, Kansas Police Department to report what she believed to be an incident of drunk driving. Officer McCary responded to the call, and upon arriving on the scene found Mr. Biehl's vehicle "high-centered" on a concrete parking divider in the shopping mall's parking lot. Mr. Biehl was still in his vehicle and the engine was running. Officer McCary noticed that the plaintiff was slurring his words and having coordination problems, that his eyes were bloodshot and watery, and that his breath had a strong odor of alcohol. On inquiry, Mr. Biehl admitted to having consumed eight beers that day, and promptly failed a field sobriety test. Concluding that Mr. Biehl was indeed an impaired driver, Officer McCary asked Mr. Biehl to exit his vehicle. On attempting to do so, Mr. Biehl fell to the ground. Officer McCary then placed Mr. Biehl under arrest for driving under the influence.

Mr. Biehl contested the charges against him, and was initially found guilty in the City of Salina Municipal Court. On appeal to the District Court of Saline County, a jury acquitted Mr. Biehl. Following his acquittal, Mr. Biehl filed a lawsuit seeking damages against the City of Salina Municipal Court judges who handled his initial proceedings and found him guilty of drunk driving. We affirmed the dismissal of that suit on the grounds of judicial immunity. *See Biehl v. Stoss*, 2007 WL 2993557 (10th Cir. 2007). Mr. Biehl also filed the instant suit against Officer McCary and the Salina Police Department, seeking an unspecified

amount of compensatory and punitive damages. In this suit, Mr. Biehl alleges, among other things, that he was falsely arrested, that he was denied a blood test that would have proven he was not drunk at the time, and that Officer McCary failed to consider a note from a doctor stating that Mr. Biehl suffered from a disability, the physical manifestations of which resemble intoxication. Upon the defendants' motion to dismiss for failure to state a claim, *see* Fed. R. Civ. P. Rule 12(b)(6), the district court dismissed Mr. Biehl's suit for failure to file a timely response to the motion to dismiss, and for failure to state a claim. Mr. Biehl appeals.

\* \* \*

We review the district court's dismissal for failure to state a claim *de novo*. *MacArthur v. San Juan County*, 497 F.3d 1057, 1064 (10th Cir. 2007). In doing so, we view the well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Id.* In reviewing a motion to dismiss, we may also in certain circumstances consider documents attached to the complaint. *See Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991).[1] Additionally, in light of Mr. Biehl's *pro se* status, we construe his complaint liberally. *See Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007). Even with these

---

[1] We have previously treated police reports appended to a pleading as "incorporated by reference" into the complaint itself. *See, e.g.*, *Walker v. McLellan*, 52 F.3d 339 (table), 1995 WL 238329 (10th Cir. 1995).

guidelines firmly in mind, and overlooking his failure to file a timely response, we still agree with the district court that Mr. Biehl's suit was properly dismissed.

The district court construed Mr. Biehl's suit, as we do, as an action under 42 U.S.C. § 1983, alleging a violation of his Fourth Amendment right to be free from false arrest. Because Mr. Biehl did not specify whether his suit was aimed at Officer McCary in his individual or official capacity, we assume he meant to pursue both approaches. Reading his complaint generously, we also deem it to raise similar claims against the City of Salina itself, as well as its Police Department.

In a suit against Officer McCary in his individual capacity, Officer McCary is entitled to qualified immunity if Mr. Biehl has not alleged facts showing that Officer McCary violated a constitutional right that was clearly established at the time of the alleged violation. *Boles v. Neet*, 486 F.3d 1177, 1180 (10th Cir. 2007) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). Because we are dealing with a warrantless arrest, Officer McCary is entitled to qualified immunity if probable cause existed to believe that Mr. Biehl was committing a criminal offense. *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007). "Probable cause to arrest exists if the facts and circumstances within the officer's knowledge are sufficient to justify a prudent officer in believing the defendant committed or is committing an offense." *Id*.

Here, we do not doubt that the facts and circumstances of which Officer McCary was aware gave rise to probable cause to arrest Mr. Biehl. Officer McCary's police report, which Mr. Biehl attached to and incorporated into his complaint, reveals that Officer McCary observed Mr. Biehl sitting in a car perched on top of a concrete parking divider with the car's engine running. Mr. Biehl smelled of alcohol, admitted to consuming eight beers that day, failed a sobriety test, and fell to the ground while getting out of his car. These facts are sufficient under our controlling precedent for a finding of probable cause. *See id.* at 815 (holding that an officer had probable cause to arrest a driver for driving under the influence when he observed "a moderate odor of alcohol, pinkish and watery eyes, a flushed face, unusually slow and deliberate speech, and slow hand movements."). Furthermore, once probable cause is established, an officer is not required to continue to investigate for exculpatory evidence. *Cf. Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995) (holding that once probable cause was established, police officers were not required to interview an alibi witness before arresting the suspect). Thus, even assuming the truth of Mr. Biehl's allegations that a blood test or a review of his medical records would have indicated that his behavior was associated with a disability rather than the eight beers he had consumed that day, Officer McCary is entitled to qualified immunity.

Alternatively, a suit against Officer McCary in his official capacity is really a suit against the City of Salina itself. *See Thompson v. City of Lawrence*, 58

F.3d 1511, 1517 (10th Cir. 1995). Although municipalities may be sued under § 1983 for constitutional torts, municipal liability requires a showing that the unconstitutional actions of the municipal employee "were representative of an official policy or custom of the municipal institution, or were carried out by an official with final policy making authority with respect to the challenged action." *Orr v. City of Albuquerque*, 417 F.3d 1144, 1153-54 (10th Cir. 2005) (internal quotations omitted). However, "[a] municipality may not be held liable where there was no underlying constitutional violation by any of its officers." *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993). Thus, where a finding of qualified immunity is based on a conclusion that the officer in question has not committed a constitutional violation, such a finding precludes the imposition of municipal liability. *Id.*; *Jiron v. City of Lakewood*, 392 F.3d 410, 419 n.8 (10th Cir. 2004).

As discussed above, the allegations of the complaint as supplemented by the attached police report indicate that Officer McCary had probable cause to arrest Mr. Biehl. Therefore, any claim against Officer McCary in his official capacity, or against the City of Salina, must be dismissed. Mr. Biehl's claim against the Salina Police Department likewise fails because the Police Department is a subsidiary of the city government and not directly subject to suit. *See*

*Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985), *vacated on other grounds*, *Tyus v. Martinez*, 475 U.S. 1138 (1986).[2]

* * *

The judgment of the district court is affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge

---

[2] After dismissing Mr. Biehl's complaint, the district court denied what it construed as a motion to alter or amend the judgment under Fed R. Civ. P. 59(e). Even giving Mr. Biehl's brief in this court a solicitous construction, nowhere does Mr. Biehl mention the motion to alter or amend, and so we deem it abandoned.