FILED
United States Court of Appeals
Tenth Circuit

October 28, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

VICTOR A. TITUS,

        Plaintiff‑Appellant,

v.

JOHN AHLM; CITY OF
FARMINGTON,

        Defendants‑Appellees.

No. 07-2213
(D.C. No. CIV-06-725 PK/RHS)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **SEYMOUR**, and **PORFILIO**, Circuit Judges.

---

    Victor A. Titus, a Farmington, New Mexico attorney, was stopped by

Farmington Police Officer John Ahlm for allegedly running a red light. What

then transpired ultimately resulted in the filing of a charge against Mr. Titus for

driving while intoxicated (DWI). After the charge was dismissed, Mr. Titus

brought this action under 42 U.S.C. § 1983, asserting claims against Officer Ahlm

for malicious prosecution in violation of the Fourth Amendment and retaliatory

---

[*]    This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

prosecution in violation of the First Amendment. He also asserted a state law claim against Officer Ahlm and the City of Farmington (Defendants) for malicious prosecution, which the district court construed as a malicious-abuse-of-process claim. *Fleetwood Retail Corp. of N.M. v. LeDoux*, 164 P.3d 31, 35 (N.M. 2007) (explaining that "the tort of malicious abuse of process" is a combination of "the formerly separate torts of malicious prosecution and abuse of process").

Upon consideration of Defendants' motion for summary judgment, the district court concluded Mr. Titus was unable to establish a foundation for his federal claims because he could not demonstrate Officer Ahlm's conduct violated a constitutional right. *See Grubbs v. Bailes*, 445 F.3d 1275, 1278 (10th Cir. 2006). The conclusion was threefold. First, Mr. Titus's malicious prosecution claim failed because "Officer Ahlm possessed probable cause to believe that Mr. Titus had been operating his vehicle while intoxicated to the slightest degree," even after determining Mr. Titus had only a .02% breath alcohol concentration (BAC). Aplt. App. at 131. Second, Mr. Titus's retaliatory prosecution claim failed because Mr. Titus did not plead and prove the absence of probable cause for charging him with DWI. *See id.* at 137; *Hartman v. Moore*, 576 U.S. 250, 265-66 (2006) (holding that a plaintiff in a retaliatory prosecution action must plead and prove the absence of probable cause for pressing the underlying criminal charge). And third, to the extent Mr. Titus asserted a claim

for retaliatory arrest in his response to Defendants' summary judgment motion, the claim failed because Mr. Titus was unable to produce "sufficient evidence from which a reasonable trier of fact could find that his arrest was 'substantially motivated' by his prior protected speech." Aplt. App. at 138. Therefore, based upon the principle of qualified immunity, the court granted Officer Ahlm summary judgment on his federal claims. Exercising supplemental jurisdiction, the court also granted summary judgment to Officer Ahlm and the City of Farmington on Mr. Titus's malicious-abuse-of-process claim because "lack of probable cause is an essential element of a claim for malicious abuse of process" in New Mexico and "probable cause existed at the time Officer Ahlm filed the criminal complaint against Mr. Titus." *Id.* at 140. This appeal followed, and we affirm.

**I.**

"The first step in assessing the constitutionality of [Officer Ahlm's] actions is to determine the relevant facts. As this case was decided on summary judgment," we must "view the facts and draw reasonable inferences in the light most favorable to the party opposing the [summary judgment] motion." *Scott v. Harris*, 127 S. Ct. 1769, 1774 (2007) (quotation omitted). "In qualified immunity cases, this usually means adopting [as we have done here] the plaintiff's version of the facts." *Id.* at 1775.

The circumstances upon which this case is based are relatively simple. Officer Ahlm stopped Mr. Titus for running a red light. Upon making initial contact, Officer Ahlm noticed Mr. Titus's eyes were watery and blood shot and he smelled of alcohol. In response to questions by Officer Ahlm, Mr. Titus admitted he had "been drinking . . . [b]eer." Aplt. App. at 40 (quotation omitted). Suspecting Mr. Titus of DWI, Officer Ahlm asked Mr. Titus to take several field sobriety tests. Mr. Titus consented, but performed poorly on at least two. When asked to take a portable breath alcohol test, Mr. Titus declined. He requested, instead, a breath test from a calibrated and certified machine at the police station. Acceding to that request, Officer Ahlm arrested Mr. Titus and transported him to the station. The test administered at that time registered that Mr. Titus had a .02% BAC. Mr. Titus's low BAC surprised Officer Ahlm.[1] Yet, he suspected Mr. Titus to be under the influence of some substance; therefore, he sought and obtained Mr. Titus's consent to a blood test for alcohol and drugs at the local hospital. While Mr. Titus's blood test result was pending, Officer Ahlm charged him with DWI in violation of N.M. Stat. § 66-8-102. Later, when the blood test result also showed an alcohol concentration below New Mexico's presumptive amount for impairment, the charge was dismissed.

## II.

_____

[1] "[T]o be convicted of per se DWI, the accused must have had a .08 level or greater . . . [at] the time of driving." *State v. Christmas*, 40 P.3d 1035, 1039 (N.M. App. 2001).

-4-

Section 1983 provides a federal civil cause of action against state officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. "While constitutional claims for wrongful arrest . . . and prosecution under § 1983 are analyzed in light of analogous torts, . . . the ultimate and indispensable element of such a claim is the deprivation of a constitutional right." *Grubbs*, 445 F.3d at 1278. The constitutional rights we are concerned with here are the Fourth Amendment right to be free from unreasonable seizures and the First Amendment right to free speech.

Whether an officer "is entitled to qualified immunity is a legal question we review de novo." *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007), *cert. denied*, 128 S. Ct. 1229 (2008). "When an officer asserts a defense of qualified immunity, the plaintiff bears a heavy two-part burden." *Id.*; *see also Saucier v. Katz*, 533 U.S. 194, 200-01 (2001) (identifying underlying purposes of qualified immunity).

> [First], the plaintiff must show the officer's conduct violated a constitutional right: . . . Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? If the officer's conduct did not violate a constitutional right, the inquiry ends and the officer is entitled to qualified immunity.

*Wilder*, 490 F.3d at 813 (citation and quotation omitted).

### *Fourth Amendment Claim for Malicious Prosecution*

Mr. Titus does not challenge Officer Ahlm's initial stop of his vehicle or the legality of Officer Ahlm arresting him and transporting him to the police station to test his BAC. Instead, he argues any probable cause was vitiated by his breath alcohol test result. Consequently, he maintains, Officer Ahlm had an immediate duty to release him pending receipt of his blood test result.[2] We disagree.

The absence of probable cause to arrest is an essential element of a Fourth Amendment malicious prosecution claim under §1983. *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008). "Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense." *Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1068 (10th Cir. 2005) (quotation omitted). "When a warrantless arrest is the subject of a § 1983 action, defendant officers are entitled to immunity if a reasonable officer could have believed that probable cause existed to arrest." *Id.* (quotation omitted). Thus, in determining whether an officer had probable cause to make an arrest, we look objectively at the

---

[2]     Although Mr. Titus's complaint alleged only that Officer Ahlm violated the Fourth Amendment by filing a criminal complaint in the absence of probable cause, his response to Defendants' summary judgment motion and his appellate brief make a somewhat broader claim, alleging Officer Ahlm violated the Fourth Amendment by further detaining him, transporting him to the hospital, subjecting him to a blood test, and filing a criminal charge against him, all in the absence of probable cause. Aplt. App. at 78; Aplt. Br. at 38.

reasonable conclusions that could have been drawn based on "the facts known to the arresting officer at the time of the arrest." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004); *see also Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) ("If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender.").

As previously noted, Mr. Titus does not challenge his initial arrest, and it is clear Officer Ahlm possessed probable cause to arrest Mr. Titus. *Wilder*, 490 F.3d at 815 ("A prudent officer could reasonably conclude from Plaintiff's refusal to participate in a field sobriety test coupled with the observation of several indicators of excessive alcohol consumption that Plaintiff was under the influence of alcohol."). Additionally, although state law does not govern the evaluation of a § 1983 malicious prosecution claim, it may be considered "for guidance as to the validity of the arrest since . . . officers are subject to . . . local standards." *Id.* at 814.

> In New Mexico, driving under the influence of intoxicating liquor is prohibited in two ways. A person can commit a "per se" violation of the DWI statute by driving a vehicle while having a BAC of 0.08 or more. In the alternative, [i]t is unlawful for a person who is under the influence of intoxicating liquor to drive a vehicle within this state. A person is under the influence of intoxicating liquor if the person was less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to the person and the public.

*State v. Lewis*, 184 P.3d 1050, 1056 (N.M. App.) (citations and quotations omitted), *cert. denied*, 183 P.3d 932 (2008); *State v. Neal*, 176 P.3d 330, 338 (N.M. App.) ("The statute [N.M. Stat. § 66-8-102] gives notice, according to the plain meaning of the word 'influence,' that the Legislature intends to criminalize a condition less than intoxication, but 'influenced' to any degree by alcohol, no matter how slight."), *cert. denied*, 176 P.3d 1129 (2008).

Mindful of the foregoing, it is also clear Officer Ahlm possessed probable cause to file a criminal charge against Mr. Titus. Even after Mr. Titus's breath test result was obtained, a reasonable officer could have believed that probable cause existed to charge Mr. Titus. Mr. Titus's argument to the contrary ignores the fact that in New Mexico a person can be charged with DWI for "driving while impaired to the slightest degree." *Vondrak v. City of Las Cruces*, 535 F.3d 1198, 1207 (10th Cir. 2008).

Further, Officer Ahlm had no affirmative duty to release Mr. Titus before receiving his consensual blood test result. An affirmative duty to release "following a legal warrantless arrest based on probable cause . . . arises only if the arresting officer ascertains beyond a reasonable doubt that the suspicion (probable cause) which forms the basis for the privilege to arrest is unfounded." *Thompson v. Olson*, 798 F.2d 552, 556 (1st Cir. 1986) (citing Restatement (Second) of Torts § 134 cmt. f (1965)). Mr. Titus's .02% BAC did not exonerate him. Rather, the facts known to Officer Ahlm were sufficient to justify his filing

of the DWI charge. If the sum of the facts could not sustain a charge under applicable law, a criminal filing would not be proper, but that is not the case here. *Cf. Strickland v. City of Dothan*, 399 F. Supp. 2d 1275, 1291, 1293 (M.D. Ala. 2005) (holding that once the officer received the arrestee's blood test results, showing the arrestee had "a blood alcohol level of 0.00%," the officer "had actual knowledge of [the arrestee's] innocence of the DUI charge . . . and [had] an affirmative duty to release him"), *aff'd*, 210 F. App'x 983 (11th Cir. 2006).

Probable cause requires only a probability of criminal activity, not a prima facie showing of such activity. *Illinois v. Gates*, 462 U.S. 213, 235 (1983). Where, as here, no Fourth Amendment violation occurred because the officer possessed probable cause to arrest and charge the individual, "the inquiry ends and the officer is entitled to qualified immunity," *Wilder*, 490 F.3d at 813.

### *First Amendment Claims for Retaliatory Prosecution and Wrongful Arrest*

Although Mr. Titus's complaint alleges only that Officer Ahlm violated the First Amendment by filing a criminal complaint in retaliation for protected speech, his response to Defendants' summary judgment motion and his appellate brief make a broader claim, alleging Officer Ahlm (also) violated the First Amendment by arresting him in retaliation for protected speech. Aplt. App. at 83-85; Aplt. Br. at 61-62. Specifically, he contends Officer Ahlm arrested and

-9-

charged him in retaliation for his having represented clients against the City of Farmington and for his prior criticism of the Farmington Police Department.

> To establish a § 1983 retaliation claim . . . [Mr. Titus] must plead and prove (1) that [he] was engaged in a constitutionally protected activity; (2) that a defendant's action caused [him] to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that a defendant's action was substantially motivated as a response to [his] exercise of [his] First Amendment speech rights. [He] also must plead and prove the absence of probable cause for the prosecution. *Hartman*, [576 U.S. at 266].

*Becker v. Kroll*, 494 F.3d 904, 925 (10th Cir. 2007). Because Mr. Titus cannot demonstrate "the absence of probable cause for the prosecution," *id.*, the district court correctly concluded his retaliatory prosecution claim must fail.

While at least one circuit has held that a plaintiff pressing a retaliatory arrest claim need not plead the absence of probable cause in order to prevail, *see Skoog v. County of Clackamas*, 469 F.3d 1221, 1232, 1235 (9th Cir. 2006), Mr. Titus's retaliatory arrest claim still fails because he cannot demonstrate Officer Ahlm's conduct was substantially motivated by Mr. Titus's prior protected speech. Nonetheless, Mr. Titus submits that Officer Ahlm's statement, "if I let you go now, you're going to sue me for false arrest," Aplt. App. at 57 (quotation omitted), supports the third element of his retaliation claim. But the most that statement demonstrates is the officer's personal concern for his own liability in the event of a future legal action. It in no way suggests Officer Ahlm

-10-

knew of past litigation between Mr. Titus and the City, or of any public statements against the City made by him.[3]

Simply put, Mr. Titus does not demonstrate Officer Ahlm had any knowledge of Mr. Titus's prior protected speech. Where, as here, no First Amendment violation is demonstrated, "the inquiry ends and the officer is entitled to qualified immunity," *Wilder*, 490 F.3d at 813.

## III.

Finally, Mr. Titus asks this court to remand his malicious-abuse-of-process claim to the state court, arguing Officer Ahlm did not possess probable cause "for the reasons stated herein." Aplt. Br. at 64. Such perfunctory allegations of error "fail to frame and develop an issue sufficient to invoke appellate review." *Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994). In any event, the state law claim fails on the merits. "[T]he second essential element of the tort of malicious abuse of process [is an] improper act constituting a misuse of process." *Weststar Mortgage Corp. v. Jackson*, 61 P.3d 823, 831 (N.M. 2002). "A misuse of process may be established by showing either a lack of probable cause or a procedural impropriety." *Id.* In this case, probable cause existed at the time

---

[3]    Likewise, Officer Ahlm's allegedly more lenient treatment of one non-attorney criminal suspect is insufficient for a jury to draw a reasonable inference that Officer Ahlm's treatment of Mr. Titus was retaliatory.

Officer Ahlm filed the criminal complaint against Mr. Titus, and Mr. Titus never alleged or demonstrated any procedural impropriety.[4]

## IV.

Officer Ahlm possessed probable cause to arrest and charge Mr. Titus with DWI and his conduct was not substantially motivated by Mr. Titus's prior protected speech. The district correctly determined Officer Ahlm was entitled to summary judgment on both federal claims; and, because Officer Ahlm possessed probable cause and did not demonstrate a procedural impropriety, the court properly exercised supplemental jurisdiction to grant summary judgment to Officer Ahlm and the City on Mr. Titus's malicious-abuse-of-process claim. The

---

[4] The only claim asserted against the City of Farmington in the district court was malicious abuse of process. Although Mr. Titus claims on appeal that he "alleged supervisory and municipal claims against the City," Aplt. Br. at 10, we will not consider his supervisory claim because it was not raised in the district court, *Singleton v. Wulff*, 428 U.S. 106, 120 (1976), and he has forfeited appellate review of his malicious-abuse-of-process claim against the City by failing to argue it in his opening brief, *see Hysten v. Burlington N. Santa Fe Ry. Co.*, 530 F.3d 1260, 1278 n.11 (10th Cir. 2008).

judgement of the district court is **AFFIRMED**.[5]


                                          Entered for the Court


                                          John C. Porfilio
                                          Circuit Judge

---

[5]      "[A] federal appellate court does not consider an issue not passed upon below." *Singleton*, 428 U.S. at 120.  Thus, we do not reach three issues Mr. Titus raises for the first time on appeal:  (1) Officer Ahlm was trained to violate the Constitution; (2) Officer Ahlm's probable cause determination was unreasonable because it did not comport with the National Highway Traffic Administration Manual; and (3) Standardized Field Sobriety tests are unreliable.  Similarly, "we will not consider claims abandoned in the district court." *O'Connor v. City & County of Denver*, 894 F.2d 1210, 1214 (10th Cir. 1990).  Accordingly, we do not reach the defamation claim Mr. Titus re-urges on appeal because he expressly abandoned it in the district court.  Aplt. App. at 86.