FILED
United States Court of Appeals
Tenth Circuit

November 28, 2018

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

ANEXORA LEON,

     Plaintiff - Appellant,

v.

SUMMIT COUNTY; OFFICER
GRAHAM,

     Defendants - Appellees.

No. 17-4205
(D.C. No. 2:17-CV-00165-DN-EJF)
(D. Utah)

_____

ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Plaintiff Anexora Leon appeals the dismissal of her complaint under 42 U.S.C.

§ 1983 against Summit County, Utah, and Officer Mike Graham of the Summit County

Sheriff's Office. Her claims arise out of a traffic stop. On appeal she argues that Graham

did not have probable cause to arrest her for driving under the influence of alcohol (DUI)

and that the County is liable for both the arrest and her malicious prosecution on a DUI

complaint. She relies largely on a test of her blood alcohol content (BAC) that showed a

low BAC level. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm. First,

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff's operative complaint does not allege an arrest, and the facts alleged support reasonable suspicion to detain her to determine whether she was intoxicated. Second, the operative complaint does not allege that she was ever arrested or incarcerated on the DUI complaint, so she fails to state a malicious-prosecution claim under the Fourth Amendment.

## I. THE OPERATIVE COMPLAINT

Plaintiff submitted three complaints over the course of litigation in the United States District Court for the District of Utah: an original complaint, a first amended complaint, and a proposed second amended complaint. Plaintiff was permitted to file the first amended complaint as of right under Federal Rule of Civil Procedure 15(a)(1). It superseded the original complaint for all purposes. *See Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, 793 F.3d 1177, 1180-81 (10th Cir. 2015) ("An amended pleading supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified." (internal quotations marks omitted)). The amended complaint (hereafter, the Complaint) is the operative pleading for this appeal.

We recognize that in response to Defendant's motion to dismiss the Complaint, Plaintiff moved for leave to amend her complaint again, and submitted a proposed second amended complaint. But the district court denied the motion. The propriety of that denial is not properly before us. Plaintiff forfeited any challenge to that denial in this court, because her opening brief on appeal does not challenge it. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[T]he omission of an issue in an opening brief generally forfeits appellate consideration of that issue."). Her attempt to

2

raise the issue in her reply brief comes too late. *See Wheeler v. Comm'r*, 521 F.3d 1289, 1291 (10th Cir. 2008) ("[I]ssues raised by an appellant for the first time on appeal in a reply brief are generally deemed waived."). Because Plaintiff was not granted leave to amend, her proposed second amended complaint is "without legal effect." *Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998).

The Complaint alleges the following facts regarding the incident and subsequent prosecution: Graham pulled Plaintiff over while she was driving on October 27, 2016, after a computer check indicated that the registration for the license plate had been canceled. Plaintiff explained that she had a valid license plate in the trunk of her car. After she opened the trunk for him, Graham found license plates that matched the vehicle's registration.

While speaking with Plaintiff, however, Graham claimed that he smelled alcohol coming from the vehicle. Plaintiff admitted that she had drunk a beer with lunch. At Graham's request, Plaintiff performed field sobriety tests. (The Complaint does not describe Plaintiff's performance on the field sobriety test but does allege that "Graham's observations and notes are inconsistent with the results of the [BAC blood test]." Aplt. App. at 13.) He then issued her a citation requiring her to appear in court within two weeks, and sent that citation to the Summit County Justice Court. Plaintiff also provided a blood sample—the Complaint does not state when this occurred or whether it was provided to Graham or another officer—to be used to test her BAC.

Five days later, on November 1, Summit County charged Plaintiff with DUI. But on November 23 the County received the results of Plaintiff's blood test, which indicated

3

that she had a BAC of .01 grams per deciliter, well below the Utah "legal limit"—the blood alcohol content with which it is always illegal to operate a vehicle—of .05 grams. *See* Utah Code Ann. § 41-6a-502(a)(1) (West 2018). On the motion of Summit County the charge against Plaintiff was dismissed with prejudice in January 2017.

The first claim in the Complaint is a "§ 1983 Claim for Unreasonable Search and Seizure against Officer Graham." Aplt. App. at 14. (italics omitted). The pertinent allegations are as follows:

> 32. During the traffic stop, Leon exhibited no signs of intoxication.
> 33. Other than the odor of alcohol in Leon's vehicle and Leon's admission that she had a beer for lunch, Officer Graham had no basis for suspecting Leon was driving while impaired.
> 34. Based on the totality of the circumstances, Officer Graham lacked the reasonable suspicion required to expand the scope of the stop.

*Id.* Though the Statement of Issues in Plaintiff's opening brief suggests otherwise, the Complaint does not assert a false-arrest claim against the County.

The Complaint's second claim is a "§ 1983 [Claim] for Malicious Prosecution against Summit County and Officer Graham." *Id.* (italics omitted). The pertinent allegations are as follows:

> 36. Officer Graham electronically filed Anexora Leon's citation to Summit County Justice Court, thereby initiating the criminal case against Leon.
> 37. On October 27th, 2016, Summit County Justice Court issued a note to appear in court within fourteen (14) days regarding the DUI charge.
> 38. Summit County received the results of the blood test on November 23rd, 2016.
> 39. Summit County lacked probable cause to charge Leon with a DUI because her BAC was .01.
> 40. Summit County moved to dismiss the case on January 17, 2017.
> 41. The DUI charge against Leon was dismissed with prejudice on the same day.

4

42. Summit County has a policy or practice by which the County commences prosecution of DUIs prior to receiving the result of BAC chemical tests.
43. As a result of this policy, Summit County prosecutes DUIs which lack probable cause.
44. Summit County's malicious prosecution of Leon violated her constitutional rights.

*Id.* at 14-15. Although the Complaint asserts a malicious-prosecution claim against Graham as well as Summit County, Plaintiff's opening brief on appeal (and for that matter her reply brief) does not make any argument that Graham should be liable for his role in initiating her prosecution. That claim is therefore forfeited. *See Bronson*, 500 F.3d at 1104.

## II. ANALYSIS

### A. Claim Against Graham

In her opening brief, Plaintiff argues that Graham did not have probable cause to arrest her. She asserts that Graham arrested her without giving her a chance to take a portable breath test that would have established her innocence, that Graham did not conduct her field sobriety tests in accordance with accepted national standards, and that even on the flawed tests her performance indicated she was sober. Also, she contends that the rest of the encounter could not have given Graham probable cause to arrest her, because she did not exhibit typical signs of drunkenness such as impaired driving, bloodshot eyes, or slurred speech.

But much of this argument is not based on allegations in the Complaint. The Complaint fails to mention a portable breath test, the manner in which Graham conducted the field sobriety tests, or that Leon's eyes and speech were normal. More importantly,

the Complaint does not assert that Leon was arrested or allege facts showing an arrest. It describes only Graham's actions to determine whether Plaintiff was intoxicated. This is a typical investigative detention, which does not require probable cause but can be conducted upon reasonable suspicion. As we have stated, "[A] field sobriety test is a minor intrusion on a driver only requiring a reasonable suspicion of intoxication and an easy opportunity to end a detention before it matures into an arrest." *Wilder v. Turner*, 490 F.3d 810, 815 (10th Cir. 2007) (internal quotation marks omitted). Indeed, the Complaint's explicit theory of liability appears to be that Graham lacked reasonable suspicion to expand the traffic stop from a check of the license plates to a DUI investigation. *See* Aplt. App. at 14 ("Graham lacked the reasonable suspicion required to expand the scope of the stop."). The issue of whether probable cause to arrest Plaintiff arose from the events of the stop is therefore irrelevant.[1]

---

[1] The defendants' answer to the Complaint goes well beyond the Complaint itself in setting out the facts of the incident. In describing Plaintiff's encounter with Graham, the answer states that Plaintiff was placed in handcuffs, told she was under arrest, and taken to the jail to provide a blood sample. But the answer pairs those statements with allegations that *two* officers at the scene detected the smell of alcohol coming from Plaintiff's vehicle, that Plaintiff performed poorly on field sobriety tests, and that Plaintiff repeatedly refused to take a portable breath test offered to her at the scene. Generally, on a motion to dismiss, the court reviews only the complaint and should not treat allegations of the answer as true. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1124-25 (10th Cir. 2010). The Complaint in this case pointedly refrained from alleging an arrest without probable cause or describing the events after the field sobriety test, and we presume that to be a deliberate decision. (Perhaps Plaintiff was seeking to avoid our cases indicating that refusal to take a breath test is often a strong factor supporting probable cause. *See, e.g.*, *Wilder*, 490 F.3d at 815 (basing probable cause to arrest in large part on suspect's refusal to participate in field sobriety test and quoting *Miller v. Harget*, 458 F.3d 1251, 1259-60 (11th Cir. 2006), for proposition that after officers "smelled alcohol coming from the vehicle, . . . probable cause developed, justifying [the driver's] arrest, because

Turning then to the Complaint's actual allegations against Graham, we conclude that they do not state a claim. For there to be reasonable suspicion, all that is required is that "the officer . . . must have a particularized and objective basis for suspecting the particular person stopped of criminal activity." *Cortez v. McCauley*, 478 F.3d 1108, 1115 (10th Cir. 2007) (en banc) (internal quotation marks omitted). Moreover, because this is a § 1983 claim against Graham in his personal capacity, he is entitled to the defense of qualified immunity. To overcome that defense, a plaintiff must "plead[] facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Ashcroft v. Al-Kidd*, 563 U.S. 731, 735 (2011) (internal quotation marks omitted). In the present context, that means that Plaintiff's allegations need to show that Graham lacked even *arguable* reasonable suspicion. *See Vondrak v. City of Las Cruces*, 535 F.3d 1198, 1207 (10th Cir. 2008).

The Complaint fails that test. Given the odor of alcohol in Plaintiff's vehicle and her admission to having had a beer with lunch (as stated in the Complaint), there was arguable reasonable suspicion to detain her further and require her to participate in field sobriety tests. We have held that a person's statement that he "had one beer three hours ago," standing alone, is sufficient to create "reasonable suspicion to conduct [] field sobriety tests, or at the very least . . . arguable reasonable suspicion entitling [an officer]

---

[the driver] refused to take a breathalyzer test.")). Because the claim in the Complaint is that there was an improper expansion of the *stop*, we decline to extend the claim to include events described in the answer that occurred after the expansion.

to qualified immunity." *Vondrak*, 535 F.3d at 1207. Plaintiff does not plead any facts that distinguish this case from *Vondrak*.[2]

The Complaint also alleges that Plaintiff "submitted to a blood draw," but it does not say where, when, or with whom, nor does it state whether Plaintiff's participation in the test was voluntary or involuntary. Aplt. App. at 13. Nor do Plaintiff's briefs argue that the blood test impermissibly extended the investigatory stop, or that it violated her Fourth Amendment rights in some other way. The Complaint thus does not state a claim against Graham arising out of the blood test.

## B. Malicious-Prosecution Claim

The Complaint's second claim is against the County for malicious prosecution of Plaintiff. We first address the County's argument that it is entitled to absolute prosecutorial immunity and then consider whether the Complaint states a claim for malicious prosecution.

### 1. Absolute Prosecutorial Immunity

"It is well established that prosecutors are absolutely immune from suit under section 1983 concerning activities intimately associated with the judicial process, such as

---

[2] At oral argument, Plaintiff's counsel argued during rebuttal, for the first time, that *Vondrak* is distinguishable from this case because the New Mexico DUI law at issue in *Vondrak* was stricter than the Utah law in this case. But "[a]rguments that are raised for the first time at oral argument come too late to merit our attention." *United States v. DeRusse*, 859 F.3d 1232, 1240 n.3 (10th Cir. 2017) (brackets and internal quotation marks omitted). That is especially so when an argument is raised for the first time in oral-argument *rebuttal*, "affording [the other party] no opportunity to respond." *Coal. of Battery Recyclers Ass'n v. EPA*, 604 F.3d 613, 623 (D.C. Cir. 2010).

initiating and pursuing criminal prosecutions." *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1489 (10th Cir. 1991) (ellipsis and internal quotation marks omitted). The County, which is liable only if its officers or employees violated Plaintiff's constitutional rights, *see Hinton v. City of Elwood, Kan.*, 997 F.3d 774, 782 (10th Cir. 1993) ("A municipality may not be held liable where there was no underlying constitutional violation by any of its officers."), argues that it is entitled to that same immunity. But the argument is contrary to settled law. As the Supreme Court has stated, "unlike various government officials, municipalities do not enjoy immunity from suit—either absolute or qualified—under § 1983." *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 166 (1993); *see Sample v. City of Woodbury*, 836 F.3d 913, 917 (8th Cir. 2016) (government entities do not enjoy absolute prosecutorial immunity); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466-67 (5th Cir. 1999) (same).

### 2. No Fourth Amendment Seizure

The Complaint does not, however, state a claim against Summit County for malicious prosecution in violation of Plaintiff's constitutional rights. The ground on which we rely was not the basis of the district court's decision, nor has it been raised by the County during these proceedings. But the flaw in the Complaint is clear, and "[t]his court can affirm the district court's dismissal on any grounds sufficiently supported by the record." *GF Gaming Corp. v. City of Black Hawk, Colo.*, 405 F.3d 876, 882 (10th Cir. 2005).

9

To bring a malicious-prosecution claim under § 1983, a plaintiff must allege a violation of a federal right. *See* 42 U.S.C. § 1983 (Every person who . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ."); *Estate of Booker v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014) ("Title 42 U.S.C. § 1983 allows an injured person to seek damages against an individual who has violated his or her federal rights while acting under color of state law." (internal quotation marks omitted)). Neither the Complaint nor Plaintiff's briefs on appeal identify the predicate constitutional right on which she bases her malicious-prosecution claim. Typically, the claim is based on a violation of the Fourth Amendment (as applied to the States under the Fourteenth Amendment, *see Fletcher v. Burkhalter*, 605 F.3d 1091, 1093 (10th Cir. 2010)), although we have recognized that in certain circumstances a claim might be based on a violation of Fourteenth Amendment procedural due process, *see Becker v. Kroll*, 494 F.3d 904, 920–21 (10th Cir. 2007). Here, the Complaint does not identify any liberty or property interest protected by the Fourteenth Amendment of which Plaintiff was deprived. *See Boutwell v. Keating*, 399 F.3d 1203, 1211 (10th Cir. 2005) ("In order to establish a due process violation, [a plaintiff] must first demonstrate that he has been deprived of a constitutionally-protected liberty or property interest."). We therefore assume that she is raising a claim of deprivation of Fourth Amendment rights.

But absent from the Complaint is a necessary component of such a claim. A mandatory element of a Fourth Amendment malicious-prosecution claim is that the

10

defendant caused the plaintiff to be seized. "A groundless charging decision may abuse the criminal process, but it does not, in and of itself, violate the Fourth Amendment absent a significant restriction on liberty." *Becker*, 494 F.3d at 915; *see Mata v. Anderson*, 635 F.3d 1250, 1254 (10th Cir 2011) ("To prevail on [a Fourth Amendment malicious-prosecution claim, a plaintiff] must show that he was seized under the Fourth Amendment."). For purposes of a malicious-prosecution claim a seizure must be either an "arrest or imprisonment." *Becker*, 494 F.3d at 914. In particular, we have rejected the argument that a seizure includes "requiring a person to post bond, compelling a person to appear in court, or imposing restrictions on a person's right to interstate travel." *Becker*, 494 F.3d at 915.

The Complaint does not allege an arrest or imprisonment. The most we can infer from its allegations is that Summit County issued Plaintiff a notice to appear in court. Because she has not pleaded facts showing that she was subject to any Fourth Amendment seizure as a result of her DUI prosecution, Plaintiff has failed to state a § 1983 malicious-prosecution claim.

### III. CONCLUSION

We **AFFIRM** the judgment of the district court.

Entered for the Court

Harris L Hartz
Circuit Judge

11