**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SCOTT LOGAN GOLLAHER,

Plaintiff - Appellant,

v.

WILLIAM Z. WENTLAND,

Defendant - Appellee.

FILED
**United States Court of Appeals
Tenth Circuit**

**March 22, 2022**

**Christopher M. Wolpert
Clerk of Court**

Nos. 20-4127 & 21-4010
(D.C. No. 2:15-CV-00133-TS)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **BALDOCK**, and **EID**, Circuit Judges.
_____

Plaintiff Scott Logan Gollaher, proceeding pro se,[1] appeals from the district

court's order granting Defendant William Z. Wentland's motion for judgment on the

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Mr. Gollaher also proceeded pro se in district court until the court appointed pro bono counsel for the limited purpose of helping him draft and file his third amended complaint. The scope of the appointment did not extend beyond that specific task. Because he is proceeding pro se on appeal, we liberally construe Mr. Gollaher's appellate filings. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). But we do not "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

pleadings under Rule 12(c) of the Federal Rules of Civil Procedure (appeal

no. 20-4127). He also appeals from the district court's order denying his petition

for rehearing, which sought reconsideration of the district court's decision on the

Rule 12(c) motion (appeal no. 21-4010). These appeals were consolidated for

procedural purposes. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm

the district court's decisions in both appeals.

## I. Background

The operative complaint for the purposes of this appeal is Mr. Gollaher's third

amended complaint, which brought two claims under 42 U.S.C. § 1983 against

Detective Wentland, who worked for the Morgan County Sheriff's Office.[2] The

complaint asserted that Detective Wentland violated Mr. Gollaher's constitutional

rights when Detective Wentland participated in obtaining and executing search

warrants for Mr. Gollaher's residence and other property and in arresting him.

Detective Wentland filed an answer and then subsequently filed a motion for

judgment on the pleadings under Rule 12(c) of the Rules of Civil Procedure. He

argued that he was entitled to qualified immunity because Mr. Gollaher's complaint

"failed to state a claim for a Fourth Amendment violation related to the search of his

property or his subsequent arrest because both were supported by probable cause."

R., Vol. II at 6.

---

[2] Although Detective Wentland no longer works for the Morgan County
Sheriff's Office, we refer to him in this decision by his title during the events at
issue.

A magistrate judge initially recommended denying the motion without prejudice. The district court rejected the report and recommendation after considering Detective Wentland's objections and Mr. Gollaher's response to those objections and reviewing the issues de novo.

The district court first considered Mr. Gollaher's contention that Detective Wentland omitted material information and made false representations in his affidavit for the search warrants. The court explained that "[e]ven when the additional information is added [to the affidavit] and the allegedly false statements are omitted, the salient assertion remains the same: [Mr. Gollaher] allegedly took pictures with his cell phone of minors in various states of undress." *Id.* at 208. The court further explained that "[t]his provides sufficient probable cause that [Mr. Gollaher's] cell phone and other electronic devices may have contained evidence of sexual exploitation of a minor." *Id.*

As for Mr. Gollaher's contention that he was arrested without probable cause, the court noted that "[t]he only allegation to support this assertion is that, on information and belief, 'no evidence had been found at Mr. Gollaher's residence or Morgan property that would have provided probable cause to believe Mr. Gollaher had committed acts of sodomy on a child or sexual exploitation of a minor.'" *Id.* at 210 (quoting R., Vol. I at 391-92). The court explained that "the allegation is totally conclusory because it completely lacks factual support" and "[Mr. Gollaher] merely asserts that no evidence had been found to support a finding of probable cause but provides no factual assertions to shore up this conclusory statement." *Id.* at 211. The

court further explained "[i]t seems implausible that Plaintiff would be arrested and subjected to an ongoing criminal proceeding if 'no evidence' had truly been found. Without more, this claim is subject to dismissal." *Id.*

The court granted the Rule 12(c) motion for judgment on the pleadings. Mr. Gollaher subsequently filed a petition for rehearing, which sought reconsideration of the district court's decision under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. The district court denied the petition.

Mr. Gollaher now appeals from the order granting the motion for judgment on the pleadings (appeal no. 20-4127) and the order denying the petition for rehearing (appeal no. 21-4010).

II. <u>Discussion</u>

We treat a motion for judgment on the pleadings under Rule 12(c) as a motion to dismiss under Rule 12(b)(6), *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000), and "[w]e review de novo a dismissal of a complaint under Rule 12(b)(6)," *TMJ Implants, Inc. v. Aetna, Inc.*, 498 F.3d 1175, 1180 (10th Cir. 2007). In reviewing the complaint, "[w]e accept as true all well-pleaded factual allegations" and "view those allegations in the light most favorable to the nonmoving party." *Id.* (internal quotation marks omitted).

A.

Mr. Gollaher first argues that the district court abused its discretion by narrowly limiting its review to only his third amended complaint and the exhibits attached to his complaint when deciding to grant the Rule 12(c) motion for judgment

4

on the pleadings. But, as noted above, a Rule 12(c) motion is treated as a Rule 12(b)(6) motion to dismiss, and "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (internal quotation marks omitted).

Moreover, although Mr. Gollaher asserts that the district court's "constricted review left it without context critical to a fair determination on the case merits," Aplt. Opening Br. at 7, he does not identify any specific documents the district court should have considered or cite any authority for the proposition that the district court was required to consider evidence outside of the complaint when ruling on the motion. Instead, he contends the district court should have considered "repudiation[s]" he made in his response to the defendant's objections to the magistrate judge's report and recommendation, as well as his assertion that pro bono counsel failed to make corrections to his third amended complaint before filing it. *See id.* at 7. But Mr. Gollaher did not move to amend his complaint to correct any alleged misstatements that he learned of prior to filing his response to the objections. And when reviewing a Rule 12(c) motion, the district court's role is to review the sufficiency of the complaint, not to weigh potential evidence, *see Smith*, 561 F.3d at 1098. Mr. Gollaher has therefore failed to show the district court abused its discretion in considering only the third amended complaint and the attached exhibits in deciding the Rule 12(c) motion.

B.

Mr. Gollaher next argues that when the district court was considering his unlawful arrest claim, it relied on evidence outside of the complaint—although it stated it was not doing so—and adopted a factual assertion in favor of the moving party, contrary to the Rule 12(c) standard of review. But even assuming it did so, "because our review is de novo, we need not concern ourselves with any alleged misstatements or errors by the district court." *TMJ Implants*, 498 F.3d at 1181 (summarily disposing of party's contention on appeal from Rule 12(b)(6) dismissal that "the district court resolved several issues of fact against it and ignored issues of disputed material fact").

We consider only the allegations in Mr. Gollaher's third amended complaint and view those allegations in his favor. After doing so, we conclude that the district court properly dismissed the unlawful arrest claim.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "[M]ere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice; a plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (internal quotation marks omitted). "A claim has facial plausibility when the

6

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Mr. Gollaher was arrested without a warrant, but "[a] warrantless arrest is permissible when an officer has probable cause to believe that a person committed a crime," *Cortez v. McCauley*, 478 F.3d 1108, 1115 (10th Cir. 2007) (en banc) (internal quotation marks omitted). "Probable cause to arrest exists only when the facts and circumstances within the officers' knowledge, and of which they have reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *United States v. Valenzuela*, 365 F.3d 892, 896 (10th Cir. 2004) (internal quotation marks omitted).

To support his claim for unlawful arrest, Mr. Gollaher alleged: "On information and belief, at the time Detective Wentland arrested Mr. Gollaher, no evidence had been found at Mr. Gollaher's residence or the Morgan Property that would have provided probable cause to believe Mr. Gollaher had committed acts of sodomy on a child or sexual exploitation of a minor." R., Vol. I at 391-92. He also alleged, on information and belief, that "after [he] had been incarcerated for approximately 230 days, the Morgan County prosecuting attorney" moved to dismiss the charges and, on information and belief, the charges were dismissed "because no evidence existed to convict him of the crimes for which he had been charged." *Id.* at 392.

We first note that the allegations about the charges being dismissed are not relevant to the plausibility of the unlawful arrest claim because "probable cause for a

7

warrantless arrest is determined in terms of the circumstances confronting the arresting officer at the time of the seizure," so "the validity of such an arrest is not undermined by subsequent events in the suspect's criminal prosecution such as dismissal of charges." *Wilder v. Turner*, 490 F.3d 810, 814 (10th Cir. 2007) (internal quotation marks omitted).

That leaves only one allegation to support Mr. Gollaher's assertion he was arrested without probable cause—that, on information and belief, "no evidence had been found at [his] residence or the Morgan property that would have provided probable cause to believe [he] committed acts of sodomy on a child or sexual exploitation of a minor," R., Vol. I at 391-92. We conclude this allegation is too conclusory and lacking in factual support to plausibly state a claim that Detective Wentland lacked probable cause to arrest Mr. Gollaher. This is especially so where Mr. Gollaher also admitted in his complaint that after "several hours of unauthorized searching of electronic media at his residence, Detective Wentland arrested [him] on 10 counts of child pornography and one count of sodomy on a child," *id.* at 391, and "Detective Wentland and others executing the Search Warrants seized several computers and other 'digital media,'" *id.* at 394. It seems implausible that no evidence was found to support probable cause for an arrest when Mr. Gollaher admits that the officers searched his residence for several hours and seized computers and other digital media.

In any event, "[d]ismissal is appropriate where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," *Al-Owhali v.*

*Holder*, 687 F.3d 1236, 1240 (10th Cir. 2012) (internal quotation marks omitted), and the conclusory allegation that "no evidence had been found . . . that would have provided probable cause," R., Vol. II at 391-92, does not permit this court to infer more than the mere possibility of misconduct. In other words, there are no non-conclusory allegations that could plausibly lead to the conclusion that Mr. Gollaher was arrested without probable cause. We therefore affirm the district court's dismissal of the unlawful arrest claim.

C.

In his third argument, Mr. Gollaher raises four separate issues. He argues that Detective Wentland: (1) exploited the errors and omissions that pro bono counsel made in the third amended complaint; (2) refused to stipulate to permit Mr. Gollaher to amend his complaint for a fourth time; (3) filed his Rule 12(c) motion prematurely; and (4) told the court that the parties had not conducted discovery when Detective Wentland knew he had obtained extensive discovery. We have considered these issues and none of them show that the district court committed reversible error in granting the Rule 12(c) motion.

D.

After the district court granted the Rule 12(c) motion, Mr. Gollaher filed a petition for rehearing, which sought reconsideration of the district court's decision under Rules 59(e) and 60(b). The court denied the petition for rehearing and Mr. Gollaher appealed the denial. But in his opening brief, he does not make any arguments as to how the district court erred or abused its discretion in denying his

petition for rehearing. He has therefore waived any challenge to the district court's denial of his petition for rehearing. *See Silverton Snowmobile Club v. U.S. Forest Serv.*, 433 F.3d 772, 783 (10th Cir. 2006) ("[W]e have held that the failure to raise an issue in an opening brief waives that issue." (brackets and internal quotation marks omitted)).

III. <u>Conclusion</u>

For the foregoing reasons, we affirm the district court's decision granting the Rule 12(c) motion and dismissing Mr. Gollaher's third amended complaint in appeal no. 20-4127, and we affirm the denial of Mr. Gollaher's petition for rehearing in appeal no. 21-4010. We grant Mr. Gollaher's motions for leave to proceed in these appeals without prepayment of the filing fees. Mr. Gollaher is obligated to continue making partial payments until the fees have been paid.

Entered for the Court

Bobby R. Baldock
Circuit Judge